**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARIO HERRERA, | Case No.: 2:20-cv-0678-JAD-BNW |
| Plaintiff | **Order Dismissing Action** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, | |
| Defendant | |

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by Plaintiff Mario Herrera, who is in the custody of the Clark County Detention Center (CCDC). On August 16, 2021, the Court screened Herrera's complaint, dismissed it with leave to amend, and directed Herrera to file an amended complaint within 30 days.[1]  That 30-day deadline has now expired, and Herrera has not filed an amended complaint.

District courts have the inherent power to control their dockets and, in the exercise of that power, may dismiss a case where appropriate.[2]  A party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules may warrant dismissal of an action with prejudice.[3]

---

[1] ECF No. 6.

[2] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[3] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

I find that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[5]

The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Plus, this factor is mitigated in this matter because § 1915 requires that, before docketing a complaint filed *in forma pauperis*, the Court must identify and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[6] Similarly, under the Prison Litigation Reform Act (PLRA), a federal court must dismiss, at any time, an incarcerated person's claim if the claim "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."[7] In the Screening Order, I found that Herrera failed to properly

---

[4] *See Thompson*, 782 F.2d at 831; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61.
[5] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).
[6] *See* 28 U.S.C. 1915.
[7] 28 U.S.C. § 1915(e)(2).

plead a cognizable claim upon which relief could be granted in violation of the Federal Rules of Civil Procedure.[8]  I further noted the law relevant to the claims he appeared to be asserting.[9]

Finally, a court's warning to a party that his failure to file an amended complaint will result in dismissal satisfies the fifth factor that the court consider less drastic alternatives.[10]  In the Screening Order requiring that Herrera file a Second Amended Complaint within thirty days expressly stated, I notified him in bold type: "If Herrera does not file a second amended complaint, by September 17, 2021, this action will be dismissed  with prejudice for failure to stay claim."[11]  Thus, Herrera had adequate warning that dismissal would result from his failure to prosecute this matter by filing an amended complaint within the time provided.

I THEREFORE **ORDER** that this action is dismissed with prejudice for failure to state a claim, as Mario Herrera has failed to file an amended complaint that states a cognizable claim upon which relief may be granted in compliance with my August 16, 2021, Screening Order.

I FURTHER **ORDER** that Mario Herrera's application to proceed *in forma pauperis* **[ECF No. 4] is GRANTED.**  This status does not relieve him of the obligation to pay the filing fee, it just means that he can do so in monthly payments that will be deducted from his inmate account when he has funds available.  Those payments will be deducted until the full $350 filing fee is collected from him, even though this action is being dismissed.

In order to ensure that Herrera pays the full filing fee, IT IS FURTHER ORDERED that under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Clark County Detention Center must forward from the account of **MARIO HERRERA, #1677914** to the

---

[8] ECF No. 6 at 5–6.
[9] *Id.* at 4–5.
[10] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.
[11] ECF No. 6 at 9.

Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  If plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Herrera has paid toward his filing fee, so that funds may continue to be deducted from his account   The Clerk of the Court is directed to send a copy of this order to the Finance Division of the Clerk's Office and to the attention of the **CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.**

       **The Clerk of the Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

       Dated: October 4, 2021

_____
U.S. District Judge